UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MILTON LAWRENCE CURRY, JR.,

      Plaintiff,

v.                                     Case No:   6:13-cv-1682-Orl-41TBS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability insurance benefits under the Act.

I have reviewed the record, including the administrative law judge's ("ALJ") decision, a transcript of the proceedings, the exhibits, administrative record, and the pleadings and memoranda submitted by the parties.   For the reasons that follow, I respectfully recommend that the Commissioner's final decision in this case be **reversed** and **remanded** for further proceedings consistent with the findings in this report, pursuant to sentence four of 42 U.S.C. § 405(g).

### Background

Plaintiff applied for disability insurance benefits on December 15, 2009.   (Tr. 223, 225).[1]  He alleges disability beginning on October 1, 2000 due to a herniated disk in

_____

[1] Plaintiff also filed an application for Supplemental Security Income.   He states that the administrative record does not contain a denial of this claim, but that his application would have been denied based on his receipt of benefits from the Department of Veterans Affairs.   Accordingly, Plaintiff has

his neck, a herniated disk in his lower back, facial fractures, left eye problems, scoliosis, and a damaged nerve in his left arm.   (Tr. 223, 225, 255).   He was 50 years old on June 30, 2006, which is his date last insured, and he possesses a high school diploma. (Tr. 18, 22).   Plaintiff reports past work as a restaurant prep cook, garbage collector, laundry worker, and custodian.   (Tr. 22, 255).   His application for Social Security benefits was denied initially and on reconsideration.   (Tr. 84-99).   On March 27, 2012, at Plaintiff's request, a hearing was held before the ALJ who issued an adverse decision on April 13, 2012.   (Tr. 16-24, 30-65).[2]   On September 21, 2013, the Appeals Council denied Plaintiff's timely request for review.   (Tr. 1-6).   He has exhausted his administrative remedies and this case is ripe for consideration under 42 U.S.C. § 405(g).

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Commissioner and stated in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4).   Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy.   See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004).   The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

---

not appealed his claim for SSI benefits to this Court.   See (Doc. 17 at 2 n.1); (Tr. 229-232).

[2] A hearing was held on June 28, 2011, but Plaintiff was unable to appear.   (Tr. 66-81).   His representative requested that Plaintiff be given an opportunity to testify verbally at a subsequently scheduled hearing, which the ALJ granted.

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset through his date last insured.   (Tr. 18).   At step two, the ALJ found Plaintiff was severely impaired by degenerative disc disease of the cervical and lumbar spine.   (Id.).   At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).   (Tr. 18-19).   The ALJ also determined Plaintiff's residual functional capacity ("RFC").   (Tr. 19-22).   At step four, the ALJ decided that Plaintiff was not capable of performing his past relevant work.   (Tr. 22).   Finally, at step five the ALJ concluded that there are jobs in the national economy including silver wrapper, ticket taker, ticket seller, and router that Plaintiff can perform, and therefore, that he is not disabled.   (Tr. 22-23).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence.   Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).   Substantial evidence is "more than a scintilla but less than a preponderance.   It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion."   Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against

the Commissioner's decision.   Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).

The district court "may not decide facts anew, reweigh the evidence, or substitute our

judgment for that of the [Commissioner.]"   Id.   "The district court must view the record as

a whole, taking into account evidence favorable as well as unfavorable to the decision."

Foote, 67 F.3d 1533, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979

F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine

the reasonableness of the factual findings).

## Discussion

A.  The ALJ Erred In His Treatment of "Other Source" Evidence

"The residual functional capacity is an assessment, based upon all of the relevant

evidence, of a claimant's remaining ability to do work despite his impairments."   Lewis v.

Callahan, 125 F3d. 1436, 1440 (11th Cir. 1997); see also 20 CFR § 404.1545.   The

determination "is within the authority of the ALJ and the assessment should be based

upon all of the relevant evidence of a claimant's remaining ability to do work despite [his]

impairments."   Beech v. Apfel, 100 F. Supp.2d 1323, 1330 (S.D. Ala. 2000) (citing 20

C.F.R. § 404.1546, Lewis, 125 F.3d at 1440).   Although it is not necessary that a

claimant's RFC be based on a medical source opinion, in determining a claimant's RFC,

the ALJ must consider all of the medical evidence of record.   See Argo v. Colvin, No.

6:13-cv-817-JEO, 2014 WL 1765952, at *2 (N.D. Ala. April 29, 2014); see also Green v.

Soc. Sec. Admin, 223 F. App'x 915, 924 (11th Cir. 2007).   The ALJ formulated the

following RFC for Plaintiff:

> After careful consideration of the entire record, the undersigned finds
> that, through the date last insured (6/30/06), the claimant had the
> residual functional capacity to perform a restricted range of light
> work.   He could frequently (34-66% stand/walk (6 hours in an 8 hour
> workday); occasionally (10-34%) sit (2 hours in an 8 hour workday);

occasionally (10-34%) drive (2 hours); occasionally (10-34%) bend, stoop, reach, and use bilateral hands/legs for repetitive arm movement; rarely (0-10%) climb, squat or kneel; occasionally lift 2-6 pounds; and occasionally push/pull 8-9 pounds.

(Tr. 19).

Although the ALJ afforded Plaintiff's VA disability decision "great weight,"[3] the ALJ failed to include Plaintiff's use of a cane in his RFC and the hypothetical question the ALJ posed to the testifying vocational expert ("VE").   (Doc. 17 at 12).   Regarding Plaintiff's use of a cane, the ALJ wrote:

> The claimant testified that he took pain medications and had been using a cane since 2003, which was prescribed by the VA . . . The undersigned notes that, at the hearing, the claimant testified to using a cane, which was prescribed by the VA in 2003.; **however, review of VA records do not document any prescription for a cane prior to the claimant's date last insured (6/30/06).**

(Tr. 19, 21) (emphasis added).

In fact, the record shows that on September 17, 2003 – approximately three years before Plaintiff's date last insured, physical therapist Dan R. Sayger issued Plaintiff a cane and demonstrated the proper use thereof.   (Tr. 629).   Mr. Sayger stated that Plaintiff's proscribed treatment related to "[g]ait training" and that the safe use of the cane was amongst Mr. Sayger's short and long term goals for Plaintiff.   (Id.).   The fact that Plaintiff was issued and trained on the use of a cane was also noted in the VA's written

---

[3] A VA determination that a claimant is disabled is not a medical opinion from a treating source or an acceptable source and is not entitled to controlling weight or special consideration on that basis.   See 20 C.F.R. §§ 404.1502 (defining treating source); 404.1513(a) (defining acceptable medical sources); see also SSR 06-03p, 2006 WL 2329939 ("only 'acceptable medical sources' can give us medical opinions" and "only 'acceptable medical sources' can be considered treating sources … whose medical opinions may be entitled to controlling weight.").   Still, while not binding, a disability rating from the VA is evidence that should be afforded great weight by the ALJ.   See Olson v. Schweiker, 663 F.2d 593, 597 n.4 (5th Cir. 1981).[3]   If the ALJ declines to give a VA disability rating great weight, he "should state the reasons for doing so in order to allow a reasoned review by the courts." Carbonell v. Comm'r Soc. Sec., Case No. 6:11-cv-400-Orl-22DAB, 2012 U.S. Dist. LEXIS 75687, at *13 (M.D. Fla. May 11, 2012); see also Cronin v. Comm'r Soc. Sec., No. 6:10-cv-1765-Orl-DAB, 2012 WL 3984703, at *6 (M.D. Fla. Sept. 11, 1012).

disability decision, dated October 29, 2003.   As evidence of Plaintiff's disability, the agency noted that he was recently "provided with and trained in the use of a cane for ambulation ..." (Tr. 287).   The ALJ failed to acknowledge Mr. Sayger or weigh his opinion concerning Plaintiff's use of a cane and failed to mention either the September 17, 2003 or October 29, 2003 medical evidence in his decision.

The federal regulations differentiate between "acceptable medical sources" and "other sources."   Acceptable medical sources are those sources that can provide evidence to establish a medically determinable impairment.   20 C.F.R. § 404.1513(a); SSR 06-03p, 2006 WL 2329939.   They include licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists.   20 C.F.R. § 404.1513(a).   "Other sources" are considered to show the severity of a claimant's impairment and functional limitations.   20 C.F.R. § 404.1513(d); SSR 06-3P, 2006 WL 2329939.

A physical therapist is an "other source" that must be taken into consideration in the assessment of the severity of Plaintiff's impairment and his functional limitations.   20 C.F.R. § 404.1513(d); SSR 06-3P, 2006 WL 2329939.   A physical therapist is an "other source," whose medical opinions "are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file."   Jemison v. Colvin, Civil Action No. 2:13-00308-B, 2014 WL 4207739, at *9 (S.D. Ala. Aug. 25, 2014); 20 C.F.R. § 404.1513(d).   The ALJ "should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence ... allows a claimant or subsequent reviewer to follow the [ALJ's] reasoning." Turner, 2008 WL 4489933, at *14.

The Commissioner argues that "Plaintiff failed to provide medical evidence to

support his allegation that he needed a cane."   (Doc. 18 at 9-10).   Contrary to the

Commissioner's argument, it is not relevant whether or not the cane was "prescribed for

[Plaintiff] by a VA doctor."   (Id. at 10).   The point is that the cane was issued by a health

care professional and the "ALJ is not free to disregard the opinions of health care

professionals simply because they are not medical doctors.'"   Turner, 2008 WL 4489933,

at *13.   When making a disability determination, the Commissioner must consider "all of

the available evidence in the individual's case record."   SSR 06-3P, 2006 WL 2329939,

at *1, 4 (2006) (citing 20 CFR 404.1527(b)).

        The record contains evidence that Plaintiff's cane was medically necessary.   The

record is replete with evidence of Plaintiff's back and leg pain, partly stemming from a bus

accident in 1999, a workplace accident in 2001, and an automobile accident in 2004,

among other incidents.   (Tr. 300-301, 306-308, 310-316, 319, 321, 326, 371, 488, etc.).

        "Social Security Ruling 96-9p states that a hand-held assistive device is medically

required where medical documents 'establish the need for a hand-held assistive devise to

aid in walking or standing, and describe the circumstances for which it is needed.'"

Brownell v. Comm'r Soc. Sec., No. 2:13-cv-173-FtM-DNF, 2014 WL 4809470, at *7 (M.D.

Fla. Sept. 26, 2014) (the court determined that "there are medical records that establish

the need for Plaintiff to use a cane as a hand-held assistive devise to aid in walking or

standing due to her right knee problems stemming from the car accident and her left side

muscle atrophy," and directed that, on remand, the ALJ consider "Plaintiff's need for a

cane when determining her RFC and the jobs she is able to perform.") (citing SSR 96-9p,

1996 WL 374185, at *7 (1996)).   Here, physical therapist Sayger said Plaintiff was issued

the cane to assist with his gait, which is another way of saying the way in which he

walks.[4]  Accordingly, I find that the ALJ erred by failing to consider "other source" evidence provided by the VA and Mr. Sayger in particular.

In order for the testimony of a VE "to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002); Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).  The ALJ asked the VE the following hypothetical question:

> Q. Okay.  Let's go to hypothetical questions. Let's assume we have an individual who is 50 years of age as of the alleged onset – the date last insured, has completed the 12th grade; has a good ability to read, write, and use numbers; has the past work you just described as shown on Exhibit 11E; and has the following restrictions – we'll use 8E page 5 from the VA testing. Let's assume the person can stand frequently, which means up to six hours a day; walk frequently, six hours a day; sit occasionally, which means up to two hours a day; can drive two hours a day. This person could only occasionally stoop and – let's see – can only – can only rarely climb stairs and ladders and can constantly balance and – [INAUDIBLE] my notes here – rarely is climbing, squatting, kneeling – and rarely means from zero to 10 percent of the time.  Occasional is not 10 percent to 34 percent -- that involves sitting, driving, bending, reaching, using both hands and both legs. Frequent – – 34 percent to 66 percent – standing and walking.  From exhibit 8E Page 4, person could lift from two to six pounds, push and pull eight to nine pounds.  And I think those are the primary restrictions. With those restrictions, would there be any jobs in the regional or national economy such a person could perform?

(Tr. 59-60).

Because the ALJ failed to consider "other source" evidence from the VA and Mr. Sayger, (and affirmatively declared that it did not exist), the ALJ did not provide any analysis of the medical necessity of Plaintiff's cane.  Nor did the ALJ provide any

---

[4] Merriam-Webster Online Dictionary. http://www.merriam-webster.com/dictionary/gait.

discussion and analysis of whether Plaintiff's use of a cane should have been included in the RFC and the hypothetical question posed to the VE.

For these reasons, I find that the ALJ's ultimate decision is not based on substantial evidence.

B. <u>Plaintiff's Remaining Arguments</u>

Plaintiff's remaining argument focuses on the ALJ's failure to properly consider the disability decision/rating from the VA.   (Doc. 17 at 7-10).   Because remand is required on the issue of the "other evidence," it is unnecessary to review this additional objection to the ALJ's decision.   <u>Freese v. Astrue</u>, No.8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. April 18, 2008) (citing <u>Jackson v. Bowen</u>, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)).

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1.   The Commissioner's final decision in this case be **REVERSED and REMANDED** for further proceedings consistent with the findings in this report.

2.   The Clerk be directed to enter judgment accordingly and **CLOSE** the file.

3.   Plaintiff be advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

4.   Plaintiff be directed that upon receipt of such notice, he shall promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's brief to advise that the notice has been received.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after

service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

   **RESPECTFULLY RECOMMENDED** in Orlando, Florida on November 5, 2014.

            THOMAS B. SMITH
            United States Magistrate Judge

Copies furnished to:

   Presiding United States District Judge
   Counsel of Record