UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MILTON LAWRENCE CURRY, JR. ,

    Plaintiff,

v.                                Case No:   6:13-cv-1682-Orl-41TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Attorney's Request for Authorization to Charge a Reasonable Fee Pursuant to 42 U.S.C. § 406(b). (Doc 26).   The motion is unopposed (Id. at 2).   Upon due consideration I respectfully recommend that the motion be **GRANTED**.

After a court-ordered remand in this Social Security disability case, the Commissioner of Social Security found Plaintiff Milton Lawrence Curry, Jr., disabled and awarded him $64,692.00 in past-due disability insurance benefits (Doc. 26-2 at 2).   The Commissioner withheld $16,173.00, or 25% of this award, for payment of attorney fees (Id. at 3).   Plaintiff's attorney, Richard A. Culbertson, asks the Court to approve an award of $6,569.88, which is equal to 25% of the past-due benefits award minus the $3,603.12 in attorney fees awarded to Plaintiff and paid to Mr. Culbertson pursuant to the Equal Access to Justice Act (Docs. 24, 25) and minus the $6,000.00 paid to Plaintiff's attorney who represented Plaintiff at the administrative level (Doc. 26, ¶ 2).   See (Id. at 2-5). Pursuant to M.D. FLA. R. 3.01(g), counsel for Plaintiff represents that Defendant's attorney has been contacted and has no objection to the requested relief (Id. at 2).

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his or her client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In capping the fee at twenty-five percent, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002). "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807.

The Court's § 406(b) reasonableness analysis is not meant to supplant the contingency-fee arrangement, which the Supreme Court recognized as the most common fee arrangement in Social Security cases. Id. at 800. In fact, the Supreme Court counsels that the parties' fee agreement is the first place the court should turn in assessing the reasonableness of a fee. Id. at 808. Then, the court may evaluate other key considerations including the character of the representation and the results the representation achieved. Id. Factors that may warrant a reduction in counsel's fee include "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case." Id.

Plaintiff and his attorney entered into a contingent fee agreement which provides that if Plaintiff prevails in federal court and is subsequently awarded benefits at the administrative level, he will pay Mr. Culbertson "a fee of 25 percent of the total past-due benefits to which the claimant is entitled." (Doc. 26-1). A contingency fee of 25% falls within the bounds authorized by Congress when it enacted § 406(b), and the Supreme Court in Gisbrecht recognized that contingent fee agreements are "the most common fee

- 2 -

arrangement between attorneys and social security claimants." 535 U.S. at 800. A 25% contingency fee is also reasonable under Rule 4-1.5 of the Florida Rules of Professional Conduct, and is below the customary range for contingent fee cases in ordinary civil cases filed in state and federal courts in Florida. See Rule 4-1.5(f) of the Rules Regulating the Florida Bar which provides for a 33 1/3% contingent fee for any recovery up to one million dollars.

Plaintiff's attorney spent at least 31.7 hours on the case (Doc. 26 at 2). If the requested fee is approved, Plaintiff's attorney will receive an effective rate of $321.00 per hour. The reasonableness of this 406(b) fee request, in light of the fee agreement and the ultimate award of past due benefits, is not in dispute. See (Doc. 26 at 1-3; Doc. 26-1). Therefore, I respectfully recommend that the Court **grant** the motion and approve **section 406(b) fees in the amount of $6,569.88**, to be paid out of Plaintiff's past due benefits currently being withheld by the Social Security Administration.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 5, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record